**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**MARCUS B. HARRIS,**

**Plaintiff,**

**vs.** **Case No. 4:18cv198-WS/CAS**

**JULIE L. JONES, et al.,**

**Defendants.**

**_________________________/**

## AMENDED SECOND REPORT AND RECOMMENDATION[1]

On June 20, 2018, Senior United States District Judge William Stafford entered an Order, ECF No. 26, adopting the Report and Recommendation, ECF No. 22, and granting the motions to dismiss filed by Defendants Jones and Sboto (ECF Nos. 2 and 7). The complaint was dismissed but Plaintiff was given leave to file an amended complaint by July 20, 2018. ECF No. 26.

[1] A Second Report and Recommendation was entered on July 13, 2018, addressing Plaintiff's amended complaint. ECF Nos. 29, 34. At that time, Plaintiff's motion to stay this case, ECF No. 35, had not yet been filed. The Second Report and Recommendation is amended to also address this motion. (See pgs. 4-5).

On July 10, 2018, Plaintiff filed his amended complaint. ECF No. 29. That version of the complaint has been reviewed to determine if it is sufficient to state a claim. Review was particularly necessary in light of Plaintiff's "motion to direct Defendants Combie and Collins to answer [his] amended complaint or respond thereto." ECF No. 31. That motion has been denied in a separate Order entered this day because those Defendants have not yet been served with process. Thus, they cannot be directed to respond to Plaintiff's amended complaint.

However, another reason also exists to dismiss the amended complaint: the complaint fails to state a claim as to any of the named Defendants. Plaintiff's claim against Defendant Combie is that he "failed to enforce Chapter 33" and a "duty owed under" FLA. STAT. § 944.14 (2016). ECF No. 29 at 8. However, that assertion is insufficient to state a claim under 42 U.S.C. § 1983.

It is well established that § 1983 "does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002) (quoted in March v. Dep't of Children and Families, No. 2:03cv162, 2006 WL 2644917 (M.D. Fla. Sept. 14, 2006)). A violation

of state law is insufficient to state a claim under § 1983. Dean v. Escambia Cnty., No. 3:05cv29/LAC/MD, 2005 WL 927387, at *8 (N.D. Fla. Apr. 20, 2005) (holding that “[a]n alleged violation of a state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution.”). Thus, the mere failure to enforce a state statute or administrative rule is insufficient to support a claim against Defendant Combie for violating Plaintiff’s federal constitutional rights.

Additionally, Plaintiff does not allege facts showing that Defendant Collins violated his rights either. Plaintiff stated only that a request for work release was made to Defendant Collins on May 4, 2018. ECF No. 29 at 8. Plaintiff does not allege that Defendant Collins denied the request or took any action concerning that request, nor does Plaintiff clearly assert any way that Defendant Collins caused him harm.

More importantly, May 4, 2018, is a date after this case was initiated. This case was removed to this Court on April 12, 2018. Thus, Plaintiff could not have exhausted administrative remedies as to this claim against Defendant Collins as required by 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, and there is no discretion to waive

this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Plaintiff's recent "motion for stay pending exhaustion," ECF No. 35, demonstrates that Plaintiff's amended complaint includes claims against two new Defendants on Plaintiff only filed "informal grievances" in mid June 2018. ECF No. 35 at 4, 5. The grievances were denied on June 12th and 18th respectively. *Id.* Plaintiff must still file a "formal grievance" and, if that is also denied, an "appeal" to exhaust administrative remedies.

In enacting the Prison Litigation Reform Act, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." 42 U.S.C. § 1997e(a) (emphasis added). The prior version of § 1997e(a) provided that "in any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed 180

days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available." 42 U.S.C. § 1997e(a)(1) (1994) (quoted in Alexander, 159 F.3d at 1323, n.4). When amending that statute in 1996, Congress deleted that language. Courts no longer have discretion to waive exhaustion or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325. Plaintiff's motion to stay, ECF No. 35, must be denied.

Plaintiff's amended complaint is also insufficient to state a claim as to Defendants Sboto and Jones as well. Plaintiff alleged that a disproportionate number of white inmates are recommended for work released, but Defendant Sboto "used a ruse and ploy to have staff write disciplinary report[s] to cause" custody changes for other inmates which prohibits work release. ECF No. 29 at 5. Plaintiff makes a conclusory allegation that Defendant Sboto discriminated against inmates based on race, and also indicated (without alleging any specific facts) that there was discrimination under the ADA. *Id.* at 6. That claim is insufficient because Plaintiff does not provide facts showing how that he personally suffered any discrimination. Plaintiff's amended complaint does not clearly assert a factual basis for this claim because it is unclear if Defendant Sboto directed

a disciplinary report be issued against Plaintiff, or other prisoners. Plaintiff cannot bring this claim on behalf of other prisoners.

To the degree Plaintiff's allegations should be construed to allege that Defendant Sboto issued Plaintiff a disciplinary report, or directed other officers to issue a disciplinary report against Plaintiff, it is still insufficient. There are no facts alleged which state *when* the alleged discrimination occurred and no allegations presented which reveal that any disciplinary reports issued were false.

Even if the disciplinary reports were false, and that is not clear, the claim would still be insufficient. For example, it is well established that "an inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process." O'Bryant v. Finch, 637 F.3d 1207, 1215 (11th Cir. 2011). That is so because the causal connection between the Plaintiff's protected First Amendment activity and the adverse action is severed. The Eleventh Circuit explained the reasoning in O'Bryant:

> If a prisoner is found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary panel's fact finding, the prisoner cannot

> later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report. Whether an inmate actually committed the charged infraction or whether the disciplinary report falsely accuses the inmate are questions of fact that are decided by the disciplinary panel. . . . To find otherwise would render the prison disciplinary system impotent by inviting prisoners to petition the courts for a full retrial each time they are found guilty of an actual disciplinary infraction after having filed a grievance. Because he was guilty of the disciplinary charges resulting in the disciplinary harm at issue, O'Bryant's retaliation claim fails.

O'Bryant, 637 F.3d at 1215-16. Similarly, Plaintiff cannot allege a racial discrimination claim if he was issued a disciplinary report and found guilty of the report such that his classification and custody levels were changed, resulting in Plaintiff becoming ineligible for work release. Issuance of a disciplinary report which results in a finding of guilt by a neutral disciplinary team would sever any discriminatory intent by Defendant Sboto.[2]

Finally, Plaintiff has not alleged a sufficient basis to state a claim against Defendant Jones. Plaintiff contends only that Defendant Jones

[2] There are no facts alleged which demonstrate that only "black inmates at Polk C.I." are issued disciplinary reports for certain rule violations while white inmates are not so punished. The amended complaint is conclusory only and lacks factual allegations which specifically show that inmates outside Plaintiff's racial class are given more preferable treatment. Moreover, Plaintiff's amended complaint lacks a clear statement of facts showing how Plaintiff was personally harmed as opposed to a general claim which is not specific to Plaintiff. Plaintiff does not allege facts showing what happened to him.

failed to properly train Defendant Sboto. ECF No. 29 at 3. That allegation is conclusory only and unsupported by a statement of facts.

Under "limited circumstances," a failure to adequately train may give rise to a constitutional claim cognizable under § 1983. City of Canton v. Harris, 489 U.S. 378, 387 (1989). These "limited circumstances" occur only where a policymaker or supervising official knows of a need to train and/or supervise in a particular area, yet makes a deliberate choice not to take any action.

> [A] plaintiff alleging a constitutional violation premised on a failure to train must demonstrate that the supervisor had "actual or constructive notice that a particular omission in their training program causes [his or her] employees to violate citizens' constitutional rights," and that armed with that knowledge the supervisor chose to retain that training program.

Connick v. Thompson, 131 S.Ct. 1350, 1360, 179 L.Ed.2d 417 (2011) (quoted in Keith v. DeKalb Cty., 749 F.3d 1034, 1052 (11th Cir. 2014). "To establish that supervisor was on actual or constructive notice of the deficiency of training, '[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary.'" Connick, 131 S.Ct. at 1360 (quoted in Keith, 749 F.3d at 1053).

Here, Plaintiff does not allege facts which indicate a pattern of violations were brought to Defendant Jones' attention. He does not allege that any instances of prior, similar incidents were made known to Defendant Jones. Plaintiff stated only that information "was made known in DC6-236 informal grievance." ECF No. 29 at 3. First, that assertion is vague and conclusory and does not provide sufficient facts to state what information was made known to Defendant Jones. Second, an informal grievance is not filed with the Secretary's Office but only with an official at Plaintiff's institution. An informal grievance could not provide the required notice to Defendant Jones.

Moreover, Plaintiff's amended complaint is insufficient because Plaintiff does not clearly allege "a short and plain statement of the claim showing [he] is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). Plaintiff provides conclusory allegations of Defendants' conduct, but he does not clearly assert that his constitutional rights were violated, nor does he show how he was personally harmed. Furthermore, Plaintiff did not include "a demand for the relief sought" as required by Rule 8(a)(3). He did not request any remedy within the amended complaint.

For all the foregoing reasons, Plaintiff's amended complaint is insufficient to state a claim against any named Defendant. This case should be dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 29, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff's motion for stay pending exhaustion, ECF No. 35, should be **DENIED**. It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 16, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections**

**to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**